POWER V. KILGORE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-213-CV

WILLIAM R. POWER APPELLANT

V.

MARIA CELINA KILGORE APPELLEE

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This appeal is from the trial court’s order on a motion to enforce a child

support lien and to foreclose the lien.  We will affirm.

Robert Earl Kilgore (“Robert”) formerly was married to Maria Celina Kilgore (“Maria”) and was the obligor of child support that is subject to the child support lien in the trial court case.  After the divorce of Robert and Maria, Robert was injured in an auto accident on January 15, 1999.  Robert engaged Appellant, a licensed Texas attorney, to represent him in connection with the accident.  Appellant had Robert sign a contingent fee agreement that provided for a one-third contingent fee if the case could be settled as a claim, or a forty percent fee if a lawsuit was necessary.  The agreement assigned to Appellant an interest to the extent of the agreed fee and any settlement or recovery.

Robert was diagnosed and treated by seven health care providers who relied on letters of protection given them by Appellant.  Those letters stated that Appellant represents Robert in connection with injuries he sustained as a result of the automobile accident, and “We are writing to inform you that the Law Office of William R. Power, P.C. will protect your bill for reasonable and necessary services rendered to Robert Kilgore to the extent of recovery by suit or settlement of this case.”

On June 15, 2001, the Domestic Relations Office sent Appellant notice of a child support lien the office had filed for Maria against Robert in the amount of $13,448, including interest at the rate of 12%.

In April 2002, Robert settled his auto accident suit for $20,000 in exchange for his release of claims against the insured defendant.  Appellant then negotiated for the health care providers to receive $10,123.58 in full payment of the $20,247.15 of medical bills Robert had incurred under the protection letters Appellant had signed on his behalf.  After Appellant’s one-third contingent fee and the health care providers’ portions were paid, Robert had $3,011.75 left from his accident settlement, which he paid toward his arrearage on child support.

On April 22, 2002, the Domestic Relations Office sent Robert an amended notice of child support lien it filed for Maria in the amount of $19,356.82.  The amended lien stated that it attached to all of Robert’s nonexempt real and personal property located or recorded in the state.  
See
 
Tex. Fam. Code Ann.
 § 157.313(a)(9) (Vernon 2002).  Later, the Domestic Relations Office filed a motion to enforce and foreclose the child support lien, naming Appellant as the respondent.  The Domestic Relations Office obtained a judgment against Appellant for the $10,123.58 that Appellant had paid Robert’s doctors.  
See id.
 § 157.319(b).  This appeal followed.

Appellant contends that: (1) the guaranty in the letters of protection operated as an assignment of part of Robert’s personal injury proceeds to his health care providers, giving them an interest that was no longer subject to the child support claim; (2) any liens created by the protection letters to the health care providers gave them priority over the child support lien; (3) the June 15, 2001 notice of a child support lien was insufficient to let him know what property the lien affected; and (4) the trial court’s judgment in this case undermines important long-standing public policies and established practices.  We are not persuaded.

Initially, the Domestic Relations Office served Appellant with a perfected notice of its child support lien on June 15, 2001.  Robert was the obligor of the support.  The legal services agreement that Robert signed on January 19, 1999  with Appellant made no reference to health care expenses or letters of protection.  Appellant wrote letters to each of the health care providers informing them that his office would “protect” their bills for medical services provided to Robert.  Without paying Maria and without notifying the Domestic Relations Office, Appellant disbursed all of the settlement money that Robert received from the insurer of the defendant in Robert’s personal injury case.

Nevertheless, Appellant’s letters to the health care providers failed to create for them a lien on Robert’s settlement money and failed to give any priority to the health care expenses over the perfected child support lien.  Health care costs should not have been paid before the perfected child support lien was satisfied.  
See
 
Tex. Fam. Code Ann.
 § 157.317 (Vernon Supp. 2004-05).  A properly filed and perfected lien of a “health care provider” or a hospital would have been necessary for the health care costs to trump the child support lien.  
See
 
Tex. Fam. Code Ann.
 § 157.319(c) (effective Sept. 1, 2001), and 
Tex. Prop. Code Ann.
 §§ 55.001-.008 (Vernon Supp. 2004-05).  Neither the letters of protection sent for Robert nor the settlement of his personal injury case were effective to assign any portion of the settlement proceeds to his health care providers.  The child support lien filed by the Domestic Relations Office on June 15, 2001 was in compliance with the version of Texas Family Code section 157.313(a) in effect at that time,
(footnote: 2) and gave the Domestic Relations Office priority in this case.

Accordingly, we overrule each of Appellant’s issues and affirm the trial court’s judgment enforcing and foreclosing the child support lien.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  July 21, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Act of April 21, 1997, 75th Leg., R.S., ch. 911, § 21, 1997 Tex. Gen. Laws 2864, 2869, 
amended by
 Act of May 22, 2001, 77th Leg., R.S., ch. 1023, 
§ 20, 2001 Tex. Gen. Laws 2240, 2245-46.